## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

C.A. NO.:

| | |
|---|---|
| **STERLING ROBINSON,**<br>    **Plaintiff,**<br><br>v.<br><br>**CITY OF NEW BEDFORD,**<br>**NATHANIEL GONCALO, MICHAEL**<br>**CASSIDY, MASON OLIVEIRA, AND JOSEPH**<br>**CORDEIRO,**<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND**
**JURY DEMAND**

## INTRODUCTION

1.      This is an action by Sterling Robinson ("Plaintiff") against the City of New Bedford, New Bedford Police Chief Joseph Cordeiro, Nathaniel Goncalo, Michael Casssidy, and Mason Oliveira arising out of the physical assault, deprivation of constitutional rights, and resulting injuries Mr. Robinson sustained as a result of the excessive use of physical force exercised by the officers of the New Bedford Police Department.  The action seeks damages under the common law theories of assault and battery (Count I), negligence (Count II), negligent training and supervision (Count III), negligent infliction of emotional distress (Count IV), intentional infliction of emotional distress (Count V), the Massachusetts Civil Rights Act, M.G.L. ch. 12, secs. 11H and 11I (Count VI) and, 42 U.S.C. sec. 1983 (Count VII).

## PARTIES

2.      Plaintiff, Sterling Robinson ("Plaintiff"), is an individual who resides in New Bedford, Bristol County, Massachusetts.

3.      Defendant City of New Bedford ("the City") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with an office and principal place of business in New Bedford, Bristol County, Massachusetts.

4.      The New Bedford Police Department ("NBPD") is an agency within the City, with an office and principal place of business in New Bedford, Bristol County, Massachusetts.

5.      Defendant Joseph Cordeiro ("Cordeiro") is an individual residing within the Commonwealth of Massachusetts. Cordeiro is a party to this lawsuit individually and in his official capacity as Chief of the NBPD.

6.      Defendant Nathaniel Goncalo ("Goncalo") is an individual residing within the Commonwealth of Massachusetts. Goncalo is a party to this lawsuit individually and in his official capacity as an officer of the NBPD.

7.      Defendant Michael Cassidy ("Cassidy") is an individual residing within the Commonwealth of Massachusetts. Cassidy is a party to this lawsuit individually and in his official capacity as an officer of the NBPD.

8.      Defendant Mason Oliveira ("Oliveira") is an individual residing within the Commonwealth of Massachusetts. Oliveira is a party to this lawsuit individually and in his official capacity as an officer of the NBPD.

## FACTUAL ALLEGATIONS

### August 17, 2019 Incident

9.   On or about August 17, 2019, the Plaintiff was lawfully present on the premises of a 7/11 Store on Cove Road, New Bedford, MA.

10.   The Plaintiff had paid for pizzas and had left the premises.

11.   At or about the time he was leaving the premises, for no lawful reason, Defendants Cassidy, Goncalo and Oliveira began to pursue the Plaintiff.

12.   As the Plaintiff was lawfully present on the street, he was shot with an electronic control weapon ("ECW") by Goncalo.

13.   Being struck by the ECW caused the Plaintiff to immediately fall to the solid paved and or concrete sidewalk, striking his head and body on the solid ground. The Plaintiff had been running on a downhill slope at the time the ECW was deployed, creating an obvious and

2

foreseeable risk and expectation that he would fall forward, face and headfirst, and immediately strike the solid ground and sustain injury.

14. The New Bedford Police Department has a General Order Number 12-03, governing Electronic Control Weapons ("ECW Policy"). The ECW Policy provides that it is forbidden to deploy the ECW in any environment where the subject's fall could reasonably result in death or serious bodily injury.

15. The ECW Policy further provides that "[f]light should not be the sole justification for using the ECW against a subject. Personnel should consider the subject's threat level to others, and the risk of serious injury to the subject before deciding to use an ECW on a fleeing subject."

16. In an effort to conceal the use of excessive force, Goncalo, Cassidy, and Oliveira acted in concert in fabricating allegations against the Plaintiff. The fabrications include allegations that the Plaintiff resisted arrest while inside the 7/11 store. These allegations were the subject of a criminal complaint filed in the New Bedford District Court, docket number 1933 CR 004582.

17. The Plaintiff took no action to warrant or justify the actions of the police in shooting the Plaintiff with a taser while attempting to effectuate a misdemeanor arrest.

18. In a transparent effort to conceal their unlawful activity, Goncalo fabricated a story with respect to the activities that evening and prepared an NBPD PC Affidavit, Number 1900009515-00008409 ("PC Affidavit") and submitted an Application for Criminal Complaint to the New Bedford District Court. This report, as well as the reports of other officers present at the of the incident, were authorized in furtherance of the efforts of the defendants to collectively conceal their unlawful activities.

19. Ultimately, the complaint was dismissed on February 3, 2022. However, prior to the dismissal of the complaint, the Defendand had been held in the Bristol County House of Corrections for a period of time as a result of the false allegations against the Plaintiff.

20. Mr. Robinson sustained physical injuries, including but not limited to a head, face, and neck trauma, as well as emotional distress. Moreover, his state and civil rights were violated.

21. The Plaintiff has complied with all jurisdictional requisited to file the instant claim. A notice of claim, pursuant to M.G.L. ch. 258, sec. 4, was sent to the then Mayor of the City of New Bedford and Chief Cordeiro on December 31, 2020. The Defendants have not responded to the notice of claim.

## LEGAL CLAIMS

## COUNT I – ASSAULT AND BATTERY

**(STERLING ROBINSON V. NATHANIEL GONCALO, MICHAEL CASSIDY, MASON OLIVEIRA)**

22. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-21 above.

23. The actions of August 17, 2019 of Goncalo, Cassidy and Oliveira committed upon the Plaintiff constituted and assault and battery.

24. As a direct and foreseeable consequence thereof, the Plaintiff has suffered loss of income and employment benefits, other financial losses, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – NEGLIGENCE

### (STERLING ROBINSON V. CITY OF NEW BEDFORD, JOSEPH CORDEIRO, NATHANIEL GONCALO, MICHAEL CASSIDY, MASON OLIVEIRA)

25.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-24 above.

26.    The City, the NBPD, Cordeiro, Goncalo, Cassidy and Oliveira owed Plaintiff a duty of reasonable care in the exercise of their duties.

27.    The duties of the City, the NBPD, Cordeiro, Goncalo, Cassidy and Oliveira included, but are not limited to: (i) properly excersing control over police officers under their supervision and control, including Goncalo, Cassidy and Oliveira, (ii) promptly, impartially and fully investigating claims of excessive use of force made against NBPD police officers, (iii) ensuring police reports and applications for criminal complaints are made in good faith and supported by truthful facts, and (iv) ensuring minority suspects, arrestees and detainees are treated equally as non-minority suspects, arrestees and detainees.

28.    The City, the NBPD, Cordeiro, Goncalo, Cassidy and Oliveira breached their duty of care owed to Plaintiff (i) in the manner in which the Plaintiff was apprehended and tazed, (ii) in failing to prevent Gonzalo from deploying the ECW on the Plaintiff, who was known to the police and easily able to be found and or summonsed to court if not apprehended, fleeing from a misdemeanor offense, and running downhill on a street, with an obvious and foreseeable risk of falling and sustaining serious bodily injury once struck by the ECW, and (iii) by the manner in which the Plaintiff's complaint was investigated.

29.    The City, the NBPD, Cordeiro, Goncalo, Cassidy and Oliveira breached their duty of care owed to Plaintiff in the manner in which they authored and approved a false police report, and pursued criminal charges against the Plaintiff in 1933 CR 004582.

30.    The City, the NBPD, Cordeiro, Goncalo, Cassidy and Oliveira breached their duty of care owed to Plaintiff in the manner in which they treated the Plaintiff in the manner in which they investigated and or failed to investigate the Plaintiff's claims raised concerning the use of excessive force in arresting the Plaintiff for a misdemeanor offense.

31.    As a direct and foreseeable consequence thereof, Robinson has suffered loss of income and employment benefits, other financial losses, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT III – NEGLIGENT TRAINING/SUPERVISION
### (STERLING ROBINSON V. CITY OF NEW BEDFORD, KYLE CORDEIRO)

32.    Robinson hereby realleges and incorporates by reference the averments of paragraphs 1-31 above.

33.    The City, the NBPD, and Cordeiro, negligently trained and or supervised Goncalo, Oliveira and Cassidy in the performance of their duties, and in particular, the use and deployment of the ECW on a subject that was (i) known to the police, (ii) easily summonsed to court if not apprehended, (iii) fleeing for a misdemeanor offense, and (iv) running downhill on a street with a foreseeable risk of sustaining serious bodily injury if struck by an ECW.

44.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (STERLING ROBINSON V. CITY OF NEW BEDFORD, KYLE CORDEIRO, NATHANIEL GONCALO, MICHAEL CASSIDY, MASON OLIVEIRA)

35.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-34 above.

36.    The Defendants knew or should have known that their conduct was likely to result in emotional distress.

37.    The Defendants conduct was extreme and outrageous and shocking to the conscience.

38.    The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

39.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (STERLING ROBINSON V. CITY OF NEW BEDFORD, KYLE CORDEIRO, NATHANIEL GONCALO, MICHAEL CASSIDY, MASON OLIVEIRA)

40.    Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-39 above.

41.    The Defendants knew or should have known that their conduct was likely to result in emotional distress.

42.    The Defendants conduct was extreme and outrageous and schocking to the conscience.

43.    The Defendants' conduct caused Plaintiff emotional distress of the nature and severity that no reasonable person could be expected to endure.

44.    As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

## COUNT VI - MCRA - M.G.L. CH. 12, secs. 11H and 11I

### (STERLING ROBINSON V. CITY OF NEW BEDFORD, KYLE CORDEIRO, NATHANIEL GONCALO, MICHAEL CASSIDY, MASON OLIVEIRA)

45.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-44 above.

46.     As it relates to the Defendants' actions relating to the matter of 1933 CR 004582 and the conduct of the Defendants' of August 17, 2019, the Defendants interfered with, or attempted to intefere with, Plaintiff's enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth of Massachusetts.   This includes (i) the right to equal protection under the laws (ii) the right to be free from being subjected to excessive force by police officers, (iii) the right to free speech, and (iv) the right to protest unlawful treatment.

47.     The Defendants' interferred or attempted to interfer with the Plaintiff's exercise of those rights by (i) using excessive force in effectuating the apprehension of the Plaintiff on August 17, 2019, (ii) authoring, approving, and filing a false police report against the Plaintiff, and (iii) prosecuting the Plaintiff in 1933 CR 004582.   The Defendants' actions constitute threats, intimidation, or coercion.

48.     The conduct of the Defendants caused the Plaintiff to be deprived of his personal liberty and to be unjustly and wrongly incarcerated.

49.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

<u>COUNT VII – FEDERAL CIVIL RIGHTS VIOLATION – 42 U.S.C. SEC. 1983</u>

**(STERLING ROBINSON V. CITY OF NEW BEDFORD, KYLE CORDEIRO, NATHANIEL GONCALO, MICHAEL CASSIDY, MASON OLIVEIRA)**

50.     Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-49 above.

51.     The City, the NBPD, Cordeiro, Goncalo, Cassidy and Oliveira were acting under color of law at all times relevant during (i) the application of the ECW upon the Plaintiff on August 17, 2019, (ii) the violation of the Plaintiff's equal protection rights, (iii) the violation of the Plaintiff's free speech rights, and (iii) the filing of a false criminal charge against the Plaintiff in 1933 CR 004582.

52.     The conduct of Defendant City, Cordeiro, Goncalo, Cassidy and Oliveira deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States or the laws or Constitution of the Commonwealth of Massachusetts.

53.     The conduct of Defendants Goncalo, Cassidy and Oliveira with respected to the Plaintiff constituted excessive force and or conduct that was extreme, outrageous, and shocking to the conscience.

54.     The actions of Defendants Goncalo, Cassidy and Oliveira were done in accordance with a custom or policy of the City, Cordeiro, and or the NBPD.

55.     In (i) performing the assault and battery upon the Plaintiff, (ii) failing to prevent the excessive force upon the Plaintiff, (iii) filing of a false police reports against the Plaintiff, (iv) violating the Plaintiff's equal protection rights and right to free speech and right to freedom of association, and (v) the initiation of criminal proceedings against the Plaintiff, the Defendants NBPD, Cordeiro, Goncalo, Cassidy, and Oliveira disregarded a known or obvious consequence of their actions.

56.     The City, Cordeiro and the NBPD inadequately and or negligently trained and or supervised Defendants Goncalo, Cassidy, and Oliveira, and the decisions of the CIty and the NBPD in that regard were deliberate and or conscious.

57.     In (i) performing the assault and battery upon the Plaintiff, (ii) failing to prevent the excessive force upon the Plaintiff, (iii) filing of a false police reports against the Plaintiff, (iv) violating the Plaintiff's equal protection rights and right to free speech and right to freedom of association, and (v) the initiation of criminal proceedings against the Plaintiff, the Defendants

NBPD, Cordeiro, Goncalo, Cassidy, and Oliveira manifested a deliberate indifference to Plaintiff's rights and engaged in conduct that shocked the conscience.

58.     The actions of the Defendants the City, Cordeiro, Goncalo, Cassidy, and Oliveira, as well as the NBPD, violated Plaintiff's rights (i) under the 4th Amendment of the United States Constitution and the Massachusetts Declaration of Rights, in that they constituted, among other things, excessive use of force, (ii) violated the Plaintiff rights to free speech 1st Amenment to the United States Constition and Article 19 of the Massachusetts Declaration of Rights, (iii) violated the Plaintiff's right to equal protectioin under the 14th Amenment to the United States Constition and Article 1 of the Massachusetts Declaration of Rights.

59.     The actions of the Defendants violated Plaintiff's rights to substantive due process.

60.     As a direct and foreseeable consequence thereof, Plaintiff has suffered economic loss, physical injury, and mental and emotional distress.

WHEREFORE, Plaintiff seeks judgment against the Defendants, with compensatory and punitive damages, as well as reasonable attorneys' fees, interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

STERLING ROBINSON, Plaintiff
By his attorneys,

James M. Caramanica, BBO #565882
Law Office of James M. Caramanica
120 North Main St., Suite 306
New Bedford, MA 02703
(508) 222-0096
Email: caramanicalaw@gmail.com

Dated: 6/16/22