UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STERLING ROBINSON,
        Plaintiff,

v.                                                          C.A. NO. 1:22-CV-10942-RGS

CITY OF NEW BEDFORD, NATHANIEL
GONCALO, AND PAUL OLIVEIRA,
        Defendants.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, the Defendants the City of New

Bedford, Chief Paul Oliveira and Officer Nathaniel Goncalo (collectively, the "Defendants")

hereby move for summary judgment on plaintiff's remaining claims as asserted in his First

Amended Complaint.[1]  *See* ECF Doc. No. 6.  As discussed in the Defendants' Memorandum of

Law in Support of the instant motion, which is incorporated herein by reference, this case arises

from the lawful arrest of the plaintiff, Sterling Robinson (the "Plaintiff" or "Robinson") by

members of the New Bedford Police Department (the "NBPD") after Robinson resisted arrest and

fled from the lawful commands of multiple officers after trespassing in a 7/11 store located in New

Bedford, Massachusetts.  Robinson, who was known by NBPD Officers to carry weapons, was

ultimately arrested after Officer Goncalo deployed his taser.

After this Court allowed the Defendant's Motion for Judgment on the Pleadings pursuant

to Fed. R. Civ. P. 12(c), *see* ECF Doc. No. 17, the following claims remain:  Assault and Battery

vs. Officer Goncalo in his Individual Capacity (Count I); Negligence vs. Chief Oliveira, Officer

---

[1] Sergeant Cassidy is deceased.  The Defendants filed a suggestion of death on or about July 15, 2022.  *See* ECF Doc.
No. 8.  Pursuant to Fed. R. Civ. P. 25, as no motion was filed within 90 days of the Defendants' filing of the suggestion
of death, any surviving claims against Sergeant Cassidy are dismissed as a matter of law. *See* Fed. R. Civ. P. 25(a)(1).
Additionally, all claims against Officer Oliveira have been dismissed.  *See* ECF Doc No. 17.

Goncalo in their Official Capacities (Count II); Negligent Training/Supervision vs. The City and

Chief Oliveira (Count III); Intentional Infliction of Emotional Distress vs. The City, Chief

Oliveira, and Officer Goncalo in their Individual Capacities (Count IV); Negligent Infliction of

Emotional Distress v. the City, Chief Oliveira, Officer Goncalo in their Official Capacities (Count

V); violation of the Massachusetts Civil Rights Act vs. Chief Oliveira, and Officer Goncalo in

their Individual Capacities (Count VI); and violation of 42 U.S.C. § 1983 vs. the City, Chief

Oliveira and Officer Goncalo (Count VII).  For the reasons set forth in the accompanying

Memorandum of Law, and briefly discussed below, the Defendants are entitled to summary

judgment on all remaining claims.

- Defendants are entitled to summary judgment on plaintiff's undeveloped and speculative First Amendment claim, due process claim, and equal protection claim as the summary judgment record is devoid of evidence to sustain such claims.

- Defendants are entitled to summary judgment on plaintiff's Fouth Amendment excessive force claim because the defendants had probable cause to arrest plaintiff, and the use of force applied was reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396 (1989).

- In addition, the individual officers are entitled to qualified immunity because it was not clearly established in August, 2019, that the use of a taser to arrest a fleeing misdemeanor suspect was unconstitutional.

- Defendants are entitled to summary judgment on plaintiff's *Monell* claim because plaintiff has not shown deliberate indifference or that a custom, policy, or practice caused his alleged damages. *Monell v. New York City Dep't of Social Svc.s*, 436 U.S. 658, 665 (1978).  Additionally, "Isolated instances of unconstitutional activity [by subordinates] directly are insufficient to establish a supervisor's policy or custom or otherwise show deliberate indifference." *Maldanado-Denis v. Castillo-Rodriquez*, 23 F.3d 576, 582 (1st Cir. 1994).

- The undisputed facts show that the Defendants are entitled to summary judgment on all of plaintiff's state law claims.

  o Officer Goncalo is entitled to judgment as a matter of law under Count I, alleging assault and battery against them in their individual capacities, because where "a plaintiff alleges both a § 1983 excessive force claim and common law claims for assault and battery, [the] determination of

2

reasonableness of force used under § 1983 controls [the] determination of the reasonableness of the force used under the common law assault and battery claims." *Burgos Martinez v. City of Worcester*, 502 F. Supp. 3d 606, 618 (D. Mass. 2020), *quoting Raiche v. Pietroski*, 623 F.3d 30, 40 (1st Cir. 2010).

o   Chief Oliveira and Officer Goncalo in their official capacities are entitled to summary judgment under Count II, alleging negligence, because under G.L. c. 258, § 2, a "public employee shall not be liable for negligent or wrongful acts" while acting within the scope of office of his employment, and there is no evidence in the record to suggest that any of the individual defendants were acting in any capacity other than their official capacities. *See Correia v. Town of Westport*, 2017 WL 3940931, at *9 (D. Mass. Sept. 7, 2017).

o   Defendants are entitled to judgment as a matter of law on plaintiff's negligent training and supervision claim (Count III) fails because the summary judgment record is devoid of evidence that New Bedford or Chief Oliveira knew or should have been aware of problems with any of the individual defendants and therefore that the City should have taken some corrective action. *See Stamps v. Town of Framingham*, 38 F.Supp.3d 146, 161 (D. Mass. Dec. 24, 2014).

o   Chief Oliveira and Officer Goncalo in their individual capacities are entitled to summary judgment under Count IV (intentional infliction of emotional distress) because the record and Robinson's own testimony confirms that the officers were acting in their official capacities and their conduct cannot be deemed extreme and outrageous as a matter of law. Nor does the summary judgment record show that any conduct of the Defendants in arresting the plaintiff was "beyond all bounds of decency and…utterly intolerable in a civilized community." *Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573, 596 (2001).

o   The Defendants are entitled to judgment as a matter of law on plaintiff's negligent infliction of emotional distress claim because plaintiff has not established any negligence on the part of the Defendants and the summary judgment record does not contain evidence of physical manifestations of his emotional distress to support his claim. *Godette v. Stanley*, 490 F. Supp. 2d 72, 82 (D. Mass. 2007).

o   The Defendants are entitled to summary judgment under plaintiff's Massachusetts Civil Rights Act Claim because the plaintiff has not established any intimidation, threats, or coercion beyond the alleged excessive use of force itself. *See Longval v. Comm'r of Correction*, 404 Mass. 325, 333-334 (1989).  Additionally, even assuming Robinson could

establish a constitutional violation under state law, the individual officers are entitled to the defense of qualified immunity.

WHEREFORE, defendants respectfully request that this Honorable Court enter summary judgment in their favor and against plaintiffs on all counts of Plaintiff's First Amended Complaint.

## **REQUEST FOR ORAL ARGUMENT**

Defendants believe that oral argument may assist the Court in resolving the issues raised herein and, therefore, wish to be heard. L.R. 7.1(d). In accordance with Local Rule 7.1, the undersigned states he has conferred with plaintiffs' counsel in an effort to resolve this matter without judicial intervention.

Respectfully submitted,

The Defendants,
CITY OF NEW BEDFORD, NATHANIEL GONCALO, MICHAEL CASSIDY, and PAUL OLIVEIRA,

By their attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Matthew J. Hamel*
John J. Cloherty III, BBO #566522
Matthew J. Hamel, BBO #706146
10 Post Office Square, Suite 1100N
Boston, MA 02109-4603
(617) 350-0950
mhamel@piercedavis.com
jcloherty@piercedavis.com

Dated:  March 28, 2024

4

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Undersigned counsel for the defendants hereby certifies, pursuant to Local Rule 7.1(A)(2), that on March 28, 2024, counsel conferred in good faith with counsel for the plaintiff in an effort to resolve the issues related to this Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on March 28, 2024.


*/s/ Matthew J. Hamel*

_____
Matthew J. Hamel, Esq.